**Edward FLEMING, Plaintiff,**

v.

**Louis SULLIVAN, Secretary of Health and Human Services of the United States, Defendant.**

**No. 91 CV 33.**

United States District Court, E.D. New York.

Aug. 24, 1992.

Binder and Binder (Charles E. Binder, of counsel), New York City, for plaintiff.

Andrew J. Maloney, U.S. Atty. (Annmarie P. McAvoy, of counsel), Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

Plaintiff Edward Fleming seeks review of the decision of the Secretary of Health and Human Services (the Secretary) that plaintiff's disability and entitlement to disability insurance benefits ended in May 1980. The Secretary moves for a remand, and plaintiff cross-moves for a judgment on the pleadings.

### I.

Plaintiff filed his original application for Social Security disability benefits in 1978 or

1979. On April 30, 1979 the Secretary determined that he had been disabled since 1977 and awarded him benefits. Because the Secretary's decision awarding benefits and some of the medical records upon which that decision was based cannot be located, the exact date on which plaintiff established his disability is unclear. Also unclear is the basis of the Secretary's decision.

Shortly after the original favorable decision the Secretary initiated an investigation into plaintiff's continuing disability. At the Secretary's request plaintiff was examined by a consulting orthopedic surgeon on May 1, 1980. (Tr. 229–230). On July 21, 1980 the Secretary terminated plaintiff's benefits as of the date of the consultative examination. The Secretary is also unable to produce much of the documentation relating to this decision.

At some point in 1987 the Secretary restored plaintiff's benefits on the basis of *Schisler v. Heckler*, 787 F.2d 76 (2d Cir. 1986), a class action in which the court held the "treating-physician rule" applicable.

The Secretary then attempted to make a new determination whether plaintiff's benefits had been properly terminated in May 1980 because of a "medical improvement." The Secretary decided that the benefits were properly terminated, and reaffirmed that decision upon reconsideration in January 1988. The Secretary assessed a $39,-162.60 overpayment against plaintiff for benefits erroneously paid since 1980.

After a hearing, an administrative law judge affirmed the Secretary's decision, finding that plaintiff "currently" had lumbosacral strain with a possible herniated disc, alcoholism, and chronic/obstructive pulmonary asthma, but also that plaintiff's condition had improved since 1977 so that he could perform a variety of light or sedentary jobs. On this basis the administrative law judge found a medical improvement. He also affirmed the decision to deny plaintiff a statutory waiver of the overpayment.

On September 18, 1989 the Appeals Council reversed the administrative law judge's decision and remanded for a new hearing. The Appeals Council noted that the record did not contain "the favorable determination [awarding benefits] and most of the evidence upon which it was based." Because of this omission the Appeals Council found it impossible to make any "meaningful evaluation of medical improvement ... upon the current record." (Tr. 30–31). The Appeals Council directed the administrative law judge "to enlarge the record to include the initial favorable decision and the evidence upon which that determination was based." (Tr. 31). It also instructed him to determine whether plaintiff's alcoholism was diagnosed on or before May 1, 1980. Finally, it rejected the administrative law judge's finding that plaintiff was capable of a full range of sedentary and light work and directed the administrative law judge to obtain the opinion of a vocational expert.

The second hearing was held on December 12, 1989 before a different administrative law judge. At the beginning of the hearing the administrative law judge learned that the favorable decision was unavailable from the files. Plaintiff's attorney advised him that the Appeals Council had ordered him to obtain the decision. But the administrative law judge never did obtain that decision or the transcript of the evidence. He said that he would have to decide whether plaintiff "was disabled as of 1980." (Tr. 108).

On April 2, 1990 the administrative law judge affirmed the May 1980 termination of plaintiff's benefits. Though he still did not have the Secretary's initial favorable decision or the information upon which it was based, the administrative law judge concluded that there had been improvement in plaintiff's medical condition since May 1, 1980, that he was able to perform a full range of light work, and that he was not limited by alcoholism. The Appeals Council denied review, and this action followed.

## II.

To terminate a recipient's Social Security disability benefits the Secretary must have substantial evidence of a "medical improvement" relevant to the recipient's ability to

work and that the recipient does not currently meet the statutory standard of disability. 42 U.S.C. § 423(f)(1); 20 C.F.R. § 404.1594. "Medical improvement" means "any decrease in the medical severity of [the] impairment(s) which was present at the time of the most recent favorable medical decision that [the recipient was] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). A determination that there has been a decrease in medical severity "must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the] impairment." *Id.* The Secretary does not allege that any of the "exceptions to medical improvement" apply. *See* 20 C.F.R. 404.1594(d)–(e).

■ Both administrative law judges focused on the wrong time period to establish plaintiff's alleged medical improvement. The first held that there had been medical improvement in plaintiff's condition "since 1977", the date of plaintiff's back injury. The second held that there had been medical improvement "since May 1, 1980", the date as of which plaintiff's benefits were terminated. But the relevant inquiry is whether plaintiff's condition improved from the date of the most recent decision in his favor (the comparison point). 20 C.F.R. § 404.1579(b)(7). The administrative law judge should have compared plaintiff's condition on April 30, 1979, the date of the Secretary's favorable decision, and May 1, 1980, the date on which the Secretary found that plaintiff's disability had ceased.

■ In any event the Secretary failed to meet his burden because he presented insufficient evidence of plaintiff's medical condition as of April 1979, the comparison point. Without that information there was no way to evaluate whether plaintiff's condition had improved between that date and May 1, 1980. The Secretary's regulations state that "[i]f relevant parts of the prior own record are not reconstructed either because it is determined not to attempt reconstruction or because such efforts fail, medical improvement cannot be found." 20 C.F.R. § 404.1594(c)(3)(v).

The Appeals Council, remanding the case for a new hearing, found that a meaningful evaluation of plaintiff's medical improvement was impossible without the Secretary's favorable determination and the evidence upon which it was based. But on remand the administrative law judge found that plaintiff's medical condition had improved without obtaining the prior record as required by the Appeals Council. The Appeals Council affirmed that decision without mentioning that the gap in evidence had not been filled.

The record contains two sets of medical reports on plaintiff's medical condition before May 1, 1980. The first is a hospital discharge summary written after plaintiff's 14 day hospitalization in July–August 1978 at the United States Public Health Service Hospital on Staten Island. (Tr. 213–216). This document recites that plaintiff originally injured his back in February 1977 in a work-related fall. He was able to return to work after four months, but reinjured his back in November 1977. EMGs performed in December 1977 suggested nerve root compression.

At the time of his hospital admission plaintiff complained of constant low back pain aggravated by prolonged sitting, standing, or lying, and occasional sciatica and numbness. He walked with a mild antalgic gait. There was tenderness over the spinous processes of L5 through S2 without spasm, and a question of left L3–4 hypesthesia with quadriceps atrophy. X-rays were unremarkable.

Upon his discharge plaintiff had improved slightly. He was diagnosed with chronic lumbosacral strain with nerve root compression at L–3–4. Repeat EMGs performed shortly after his discharge were consistent with the diagnosis of nerve root compression. (Tr. 219).

The second set of available medical records is a series of partially legible treatment notes from the U.S. Public Hospital, which plaintiff continued to visit as an outpatient. (Tr. 220–225). These notes reflect that plaintiff's symptoms persisted. Plaintiff's physicians recommended that he have a lumbar myelogram, apparently in prepa-

ration for surgery to relieve nerve root compression. (Tr. 63, 223).

It is unclear what other information the Secretary had when he made his initial finding of disability. Plaintiff suggests that the finding may have been based on a combination of his back condition and his alcoholism.

■ In support of the Secretary's determination that plaintiff's medical condition improved as of May 1, 1980, the Secretary relies primarily on the consultative examination performed by Dr. Justus Kaufman on that date. Dr. Kaufman concluded that plaintiff had a low back derangement with a left sciatica with a possibility of disc involvement. He stated that "[a]s a result of these conditions the patient is partially disabled. He should be able to sit and stand for 4 hours in an 8 hour working day and should be able to walk for a [sic] least 1 hour."

This report does not show that there was a medical improvement, that is, a "decrease in the medical severity of [plaintiff's] impairment(s) which [were] present" in April 1979. *See* 20 C.F.R. § 404.1594(b)(1).

The Secretary also urges that the record does not provide a basis for reversing the Secretary's decision to terminate benefits, arguing that even though several doctors, including the administrative consultant Dr. Kaufman, ultimately concluded that plaintiff was in fact disabled, those opinions are unpersuasive because they were rendered six to eight years after the date on which the Secretary terminated plaintiff's benefits.

But the relevant inquiry is not whether plaintiff could meet the disability requirements as of May 1, 1980. Rather, the issue is whether plaintiff's condition had improved by that date to justify the termination of benefits for which plaintiff had previously qualified. Because the record does not support a finding that plaintiff's medical condition improved, the decision of the administrative law judge is reversed.

### III.

The Secretary acknowledges that "the record may be ambiguous" and moves for a

remand pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (as amended by section 307 of the Social Security Disability Amendments of 1980, Pub.L. No. 96–265, 94 Stat. 458 (1980)), which provides in pertinent part that:

[t]he Court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon showing that there is new evidence, which is material and that there is good cause for failure to incorporate such evidence into the record in prior proceedings.

Citing to this provision the Secretary requests what the Supreme Court has called a "sentence six remand." *Melkonyan v. Sullivan,* —— U.S. ——, —— – ——, 111 S.Ct. 2157, 2163–64, 115 L.Ed.2d 78 (1991).

On remand the Secretary intends to "clarify how plaintiff's medical condition has improved" and "obtain medical expert testimony if necessary." (Defendant's Brief at 7). But the Secretary has not come forward with any new evidence to present at a third administrative hearing. Nor has the Secretary given any reason whatsoever, let alone a reason constituting "good cause," for failing to incorporate such additional evidence into the record in the prior proceedings. Under these circumstances a remand would serve no purpose. *Carroll v. Secretary,* 705 F.2d 638, 644 (2d Cir.1983).

The Secretary's motion for remand is denied. Plaintiff's cross-motion for judgment on the pleadings is granted. Plaintiff should submit a proposed order consistent with this opinion.

So ordered.