Douglas I. MILLER, Plaintiff,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Defendant.

No. 92–CV–1462.

United States District Court,
N.D. New York.

Aug. 3, 1995.

Oot & Associates, Syracuse, NY, for plaintiff.

Thomas J. Maroney, U.S. Atty. for the N.D. of N.Y., Syracuse, NY (William F. Larkin, Asst. U.S. Atty., of counsel), for defendant.

**MEMORANDUM, ORDER & DECISION**

McAVOY, Chief Judge.

Plaintiff Douglas Miller brought this suit against the above captioned defendant under

section 205(g) of the Social Security Act, as amended, 42 U.S.C. section 405(g), to review a final determination of the Secretary of Health and Human Services (hereinafter "Secretary"), denying in part plaintiff's claim of Social Security Disability and Supplemental Security Income Benefits (hereinafter "SSI").

This matter was referred to Magistrate Judge Di Bianco pursuant to General Order 43 dated December 28, 1994 and a standing order dated March 22, 1984, setting forth the procedure to be followed in appeals from a denial of Social Security Benefits. Plaintiff commenced the instant action in Federal Court on November 9, 1992, seeking review of the Secretary's decision.

After considering the issues and the record as a whole, the magistrate judge issued a report recommendation, dated February 1, 1995, in which he found that the Secretary's decision was not supported by substantial evidence. The magistrate judge then recommended that the case be remanded to the Secretary. Defendant subsequently filed objections to the magistrate's report and recommendation on February 14, 1994. This matter was referred to the United States District Court for the Northern District of New York on February 27, 1994. The court herein addresses the objections and responses raised by the parties to the magistrate judge's Report–Recommendation and adopts the recommendation that the case be remanded to the Secretary.

## I. BACKGROUND:

### A. Procedural History

Plaintiff initially applied for SSI benefits on December 12, 1975. His initial application was approved on December 25, 1975. Subsequently, plaintiff received a notice from the Social Security Administration, dated June 20, 1977, that his benefits were being terminated. Plaintiff thereafter requested reconsideration of the Secretary's termination. On reconsideration, the termination of plaintiff's benefits was upheld on November 25, 1977. After a hearing with Administrative Law Judge (hereinafter ALJ) Alfred Tyminski on September 20, 1978, plaintiff was found to be disabled and the termination of his disability benefits was reversed as to May of 1977.

However, on September 10, 1982, a subsequent determination by the Secretary advised that plaintiff's disability had ceased and his benefits were terminated as of October 1982. As a result of the Schisler[1] Class Action, the termination of his benefits was not addressed until eight years later, in June of 1990, when plaintiff received another cessation notice.

Plaintiff requested reconsideration of this decision on June 25, 1990. Plaintiff met with little success, as a notice dated October 24, 1990, informed him that his benefits had ceased. Pursuant to plaintiff's request, a hearing was held and a decision dated June 27, 1991, was rendered by ALJ Chwalek finding that Plaintiff's disability ceased in August 1982.

Plaintiff requested further review of that decision on July 22, 1991. In an order dated April 9, 1991, the Appeals Council remanded the case to the ALJ to review the matter of cessation of benefits pursuant to 404.1594. The ALJ held a supplemental hearing and found that plaintiff's entitlement to disability benefits had ceased effective October, 1982.

Plaintiff again requested a review of the hearing decision. The Appeals Counsel upheld the ALJ's determination, and that decision became the final determination of the Secretary. Plaintiff thereafter commenced the present action in federal court on November 9, 1992, seeking review of the Secretary's decision.

### B. Background

In his review of the record, the magistrate judge recommended remand of the Secretary's determination because the ALJ's state-

---

1. *See, Schisler v. Heckler,* 787 F.2d 76, 81 (2d Cir.1986). This class action included persons whose benefits were terminated between June 1, 1976 and May 11, 1980. Members of this class, including plaintiff, are those persons under the Social Security Disability Benefits Reform Act, 42 U.S.C. section 1305 note, which were allowed to waive the jurisdictional requirement of seeking review within 60 days.

ments regarding plaintiff's daily activities were "incomplete and misleading" and that the credibility finding was not supported by substantial evidence. Report & Rec. at 12. The Secretary objected to this characterization of the ALJ's fact-finding and asserted that her decision that plaintiff was no longer entitled to disability insurance benefits under the Social Security Act (hereinafter "the Act") as of August 1982 should be affirmed.

## II. DISCUSSION:

### A. Standard of Review

■ The court's review of the Secretary's determination is limited to determining whether such findings are supported by substantial evidence within the administrative record. *See,* 42 U.S.C. section 405(g); *see also, Rivera v. Sullivan,* 923 F.2d 964, 967 (2d Cir.1991). A finding supported by substantial evidence will be deemed conclusive. *Id.* In the context of Social Security cases, the Supreme Court has noted that the phrase "substantial evidence" requires more than a mere scintilla; rather, it has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938)); *Williams on behalf of Williams v. Bowen,* 859 F.2d 255 (2d Cir.1988). The scope of the court's review involves determining both whether the Secretary has applied the correct legal standard, and whether the determination is supported by substantial evidence. *Rutherford v. Schweiker,* 685 F.2d 60, 62 (2d Cir.1982); *Cruz v. Sullivan,* 912 F.2d 8 (2d Cir.1990); *Vincent v. Shalala,* 830 F.Supp. 126, 129 (N.D.N.Y.1993) (quoting *Johnson v. Bowen,* 817 F.2d 983, 985 (2d Cir.1987)).

### B. Application of the Standard

Upon review of the record, the magistrate judge's report, and the parties objections thereto, this court concludes that the substantial evidence compels the conclusion that

the case be remanded to the Secretary for proceedings consistent with this decision and the decision of the Magistrate Judge.

■ The court agrees with the Magistrate Judge that plaintiff's medical condition improved between September 20, 1978 and August 1982[2]. However, even if medical improvement has been established, the Secretary must demonstrate, by substantial evidence, that the improvement is "related to [the claimant's] ability to do work," and that claimant is in fact able "to engage in substantial gainful activity" before terminating benefits. 20 C.F.R. section 404.1594(a), (c)(2); *accord Fleming v. Sullivan,* 806 F.Supp. 13, 14–15 (E.D.N.Y.1992) (citing 42 U.S.C. section 423(f)(1); 20 C.F.R. section 404.1594).

■ The court finds that the evidence supporting the conclusion that plaintiff's disability ceased as of August 1982 is not evidence that a reasonable mind would accept as adequate to support that conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216–17, 83 L.Ed. 126 (1938)); *Barrera v. Secretary of Health & Human Servs.,* 872 F.Supp. 24 (E.D.N.Y. 1995). The Court has thoroughly reviewed the Secretary's objections to the report and recommendation and is unpersuaded that the magistrate judge's analysis of the record below is flawed. The magistrate found that while "as the trier of fact the ALJ is entitled to reject witness testimony", a finding that a witness is not credible must nevertheless be set forth with sufficient specificity "to permit intelligible plenary review of the record." *See, Williams,* 859 F.2d at 261 (*citing Carroll v. Secretary of Health and Human Servs.,* 705 F.2d 638, 643 (2d Cir.1983)). The magistrate judge found that "the ALJ distorted the evidence by selectively citing to certain portions of plaintiff's testimony while ignoring other contradictory testimony." Furthermore, the objections submitted by defendant merely cited activities undertaken by the plaintiff which also ultimately also lent

---

**2.** *See,* examination results of Neurologist Daniel Bader, M.D. (T. 141), Neurosurgeon William Peacher, M.D. (T. at 148), Optometrist Richard Marrs, O.D. (T. 228), and Neurologist Fred Baughman, Jr., M.D. (T. 232). *See also,* Magistrate Judge Report & Rec. at 8.

support to the magistrate's view. (Scrty.Obj. p. 2). Since these facts do not support a finding of substantial evidence this case must be remanded to the Secretary.

## III. CONCLUSION:

 In reviewing disability claims, a district court may affirm, modify or reverse the determination of the Secretary with or without remanding the case for a rehearing. *See,* 42 U.S.C. section 405(g). Therefore, court **HEREBY ORDERS** that the case be remanded to the Secretary for proceedings consistent with this decision and that of the Magistrate Judge.

**IT IS SO ORDERED.**