USCA1 Opinion

 

 J u n e 6 , 1 9 9 6 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _______________ No. 95-2300 GEORGE RICE, JR., Plaintiff, Appellant, v. SHIRLEY S. CHATER, Commissioner of Social Security, Defendant, Appellee. _____________________ ERRATA SHEET The opinion of this Court issued on May 29, 1996 is amended as follows: On the cover sheet, the district court judge should be changed from [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ to [Hon. Robert W. Lovegreen, U.S. Magistrate Judge]. _____________________  UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2300 GEORGE RICE, JR., Plaintiff, Appellant, v. SHIRLEY S. CHATER, Commissioner of Social Security, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Robert W. Lovegreen, U.S. Magistrate Judge] _____________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ Gretchen Bath on brief for appellant. _____________ Sheldon Whitehouse, United States Attorney, Anthony C. Digioia, ___________________ __________________ Assistant U.S. Attorney, and Gerald Luke, Attorney, Social Security ___________ Administration, on brief for appellee. ____________________ May 29, 1996 ____________________ Per Curiam. Appellant George Rice appeals from the __________ district court's decision affirming the termination of Rice's disability benefits by the Commissioner of Social Security ("Commissioner"). We vacate the decision and remand.  1. Erroneous Legal Standard Applied ________________________________ Rice was determined to be disabled as of January 1976 because he was found to have a urinary-kidney impairment which met or equalled then Listing 6.04. Under that listing, claimants with a permanent urinary diversion and progressive bilateral hydronephrosis were considered disabled.1 The 1 administrative law judge ("ALJ") determined that Rice's impairment had medically improved by October 1990, justifying termination of his disability benefits.  Under the regulations, medical improvement is defined as "any decrease in the medical severity" of an impairment, and any such decrease "must be based on changes in the symptoms, signs and/or laboratory findings" associated with the claimant's impairment. See 20 C.F.R.  ___ 404.1594(b)(1). To find medical improvement, the Commissioner must compare the prior and current medical evidence to determine whether there have been any such changes in the signs, symptoms and laboratory findings associated with the claimant's impairment. Id. (b)(7), ___  ____________________ 1As the Commissioner argues, there is substantial evidence 1 to support the determination below that the applicable listing was Listing 6.04. -3- (c)(1). The ALJ did not make this comparison in finding medical improvement in Rice's impairment, but focused instead on the question whether Rice continued to meet Listing 6.04 in 1990. In doing so, he erred.2  2 2. Lack of Medical Improvement ___________________________ Rice argues that the symptoms, signs and laboratory findings associated with his impairment did not change from 1976, when he was found disabled, to 1990, when his benefits were terminated, precluding termination of his benefits on the basis of medical improvement. We agree. The laboratory findings evidencing Rice's renal functioning in 1990 and thereafter were comparable to the pre-1976 laboratory findings. Creatinine in 1990 was 2.6, comparable to the 1969 creatinine of 2.84 and within the other pre-1976 creatinine values of 1.0 and 3.8.3 3 Creatinine after 1990 continued to come within the pre-1976  ____________________ 2The regulations clearly require the Commissioner to 2 compare a claimant's current and prior symptoms, signs and laboratory findings in determining medical improvement. Only if those indicia of the severity of an impairment have changed, i.e., improved, may benefits be terminated on the _______ ________ basis of medical improvement. The question whether a prior listing continues to be met plays at best a subordinate role in determining medical improvement and is not determinative. Once medical improvement has been shown, a claimant's failure ___ ____ _____ to meet a prior listing suffices to show that medical improvement is related to ability to work, a separate issue __ _______ __ _______ __ ____ which is not even considered until medical improvement has been established, as provided in the regulations. See 20 ___ C.F.R. 404.1594(b)(1), (c)(1), (c)(3)(i), (f)(3) & (4). 3The record indicates that creatinine levels greater than 3 1.5 mg./dec. are considered abnormal. -4- figures, ranging from 2.6 to 3.3. In 1990, blood urea nitrogen was 18, a value which was within the pre-1976 range of 12 to 47.4 After 1990, blood urea nitrogen also remained 4 within the range of pre-1976 values, fluctuating between 29 and 45. Rice's precise renal status was unknown as of 1990. But, in 1992, he was diagnosed with renal failure as he had been in 1973; he was also found to have advanced hydronephrosis and a markedly hydronephrotic kidney, similar to the 1968 and 1969 characterizations of his hydronephrosis as marked or severe. When questioned as to what the clinical findings showed about Rice's impairment, the medical expert answered that he found no evidence of change in Rice's condition from January 1976 to the fall of 1990. On the basis of the above, it seems evident that there was no medical improvement in Rice's condition from 1976 to 1990, as that term is defined in the regulations. See 20 C.F.R.  ___ 404.1594(b)(1) & (7).  Under the circumstances present in this case, Rice's failure to seek treatment from 1973 to 1990 is not evidence of medical improvement. As noted, changed symptoms, _______ ________ signs and laboratory findings are the only relevant indicia _____ __________ ________ of medical improvement under the regulations. Id.  ___ 404.1594(b)(1) & (7), (f)(3). While the medical expert may  ____________________ 41976 Listing 6.02A indicates that blood urea nitrogen of 4 30 mg./100 ml. or greater would be considered abnormal. -5- have speculated that a failure to seek treatment for a deteriorating impairment could denote medical improvement, on the basis of the actual clinical findings in the record, he stated only that Rice's condition had remained the same (i.e., not changed) from 1976 to 1990. Moreover, Rice sought no treatment for his impairment for the two-and-one-half year period preceding the January 1976 finding of disability, a _________ factor never taken into account by the ALJ and ignored by the Commissioner on appeal. Given Rice's failure to seek treatment for a substantial period of time preceding the determination that he was disabled, his continuing failure to __________ seek treatment is not evidence of change or improvement in ______ ___________ his impairment. See 20 C.F.R. 404.1594(b)(7) (in ___ determining medical improvement, the claimant's current condition is compared with his condition as of the date of the original disability decision); Bosley v. Shalala, 879 F. ______ _______ Supp. 296, 304 (W.D.N.Y. 1995) (improvements in a claimant's condition which precede the date on which disability is found cannot be used as evidence that the disability has ceased since the regulations require comparison of the claimant's current condition with his condition as of the date disability was found); accord Fleming v. Sullivan, 806 F. ______ _______ ________ Supp. 13, 15 (E.D.N.Y. 1992). Furthermore, because Rice's creatinine levels from 1990 and from 1992-93 were commensurate with his pre-1976 -6- creatinine, i.e., had not changed, they cannot be cited as evidence of medical improvement. The Commissioner argues that the stability of creatinine levels shows medical improvement because Rice's condition was deteriorating in 1976. We see two problems with her argument. First, she is essentially arguing only that Rice's prognosis had improved as of 1990 since his condition did not continue to worsen. But the regulations require actual physical improvement in a claimant's impairment, not merely an improved prognosis. Second, her claim that Rice's condition was deteriorating in 1976, when he was found disabled, seems doubtful. As noted, Rice sought no medical treatment from mid-1973 to January 1976. In addition, the medical expert testified that the medical records indicated that Rice's condition had remained stable from before 1976 to 1990. The medical expert further stated that there was nothing in the record by which he could judge whether Rice had progressive hydronephrosis in 1976. __ ____ The last medical records suggesting that Rice's hydronephrosis was increasing dated from 1969, seven years before he was found disabled.5 5  ____________________ 5Thus, the ALJ's approach in this case was not only 5 legally erroneous, but it was flawed for other reasons as well. Unless Rice actually had progressive hydronephrosis in 1976, it is not at all clear how the fact that he did not have it in 1990 could evidence medical improvement. Yet the ALJ never examined the evidence to determine whether Rice actually had progressive hydronephrosis in 1976, but apparently assumed that the 1976 determination that Rice met Listing 6.04, which required progressive hydronephrosis, must -7- 3. Remand ______ Given the lack of medical improvement in Rice's impairment, the Commissioner could not terminate his benefits without showing application of an exception under 20 C.F.R.  404.1594(d) or (e), see 42 U.S.C. 423(f); 20 C.F.R.  ___ 404.1594(a), (f)(3), (5), a question which was not considered below and has not been argued on appeal. On remand, the Commissioner may wish to consider that question. The decision of the district court is vacated. We ___________________________________________________ remand to the district court with directions to remand the _____________________________________________________________ case to the Commissioner for further proceedings consistent _____________________________________________________________ with this opinion.  __________________  ____________________ be correct. -8-