Silita **SANTIAGO**, Plaintiff(s)

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant(s).**

**Civil No. 04–1979 (JAG).**

United States District Court, D. Puerto Rico.

Sept. 2, 2005.

593 F.Supp. at 780.

Ramon H. Rivera–Sanchez, San Juan, PR, for Plaintiff.

Katherine Gonzalez–Valentin, United States Attorney's Office, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On April 9, 2002, plaintiff Silita Santiago ("Santiago") sought review, pursuant to section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), of a final determination rendered by the Commissioner denying her disability insurance benefits (Docket No. 1). Both parties have filed memoranda in support of their respective positions (Docket Nos. 8, 9). Upon review of the record, the Court concludes that the Commissioner's findings are not supported by substantial evidence. Accordingly, the Court **VACATES** the Commissioner's decision terminating Santiago's disability insurance benefits and **REMANDS** the case for further proceedings consistent with this opinion.

## FACTUAL BACKGROUND

Santiago was born on January 9, 1957. She has a high school education and worked as a machine operator. On May 8, 1996, Santiago filed an application for disability and disability insurance benefits alleging an inability to work since April 18, 1995, due to asthma and a nervous condition. The Social Security Administration ("SSA") approved the application, finding her to be disabled as of July 15, 1995. On November 16, 1998, the SSA reviewed Santiago's case and determined that her medical condition had improved and that her disability had ended as of May 1, 1999. The determination was affirmed on reconsideration. Following a hearing, on April 27, 2001, the Administrative Law Judge ("ALJ"), upon *de novo* review, found that Santiago was not under a disability. On September 3, 2004, the Appeals Council denied review of the ALJ's decision, ren-

dering it the final decision of the Commissioner, subject to judicial review.

## DISCUSSION

To establish entitlement to benefits, Santiago bears the burden of proving that she became disabled within the meaning of the Act. *See, e.g., Deblois v. Secretary of HHS,* 686 F.2d 76, 79 (1st Cir. 1982). Santiago may be considered disabled within the meaning of the Act only if she is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1). Santiago's impairment must be so severe as to prevent her from working, not only in her usual occupation, but in any other substantial gainful work considering her age, education, training, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment cannot suffice for an award of disability insurance benefits; Santiago must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *See, e.g., McDonald v. Secretary of HHS,* 795 F.2d 1118, 1120 (1st Cir.1986). Moreover, Santiago's complaints cannot provide the basis of entitlement when they are not supported by medical evidence. *Avery v. Secretary of HHS,* 797 F.2d 19, 20–21 (1st Cir.1986).

The findings of fact made by the ALJ "are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater,* 172 F.3d 31, 35 (1st Cir.1999). The resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts. *See Rodriguez v. Secretary of HHS,* 647 F.2d 218, 222 (1st Cir.1981).

42 U.S.C. § 423(f) provides in relevant part that benefits may be discontinued only if (1) there is substantial evidence to support a finding of medical improvement related to an individual's ability to work and (2) the individual is now able to engage in substantial gainful activity. *See also* 20 C.F.R. § 404.1594(a). Medical improvement "is defined as any decrease in the medical severity of an impairment, and any such decrease must be based on changes in the symptoms, signs and/or laboratory findings associated with the claimant's impairment." *Rice v. Chater,* 86 F.3d 1, 2 (1st Cir.1996) (citations and internal quotation marks omitted); *see also* 20 C.F.R. § 404.1594(b)(1). "To find medical improvement, the Commissioner must compare the prior and current medical evidence to determine whether there have been any such changes in the signs, symptoms and laboratory findings associated with the claimant's impairment." *Rice,* 86 F.3d at 2; *see also* 20 C.F.R. § 404.1594(c)(1). "Once medical improvement *has been shown,* a claimant's failure to meet a prior listing suffices to show that medical improvement *is related to ability to work,* a separate issue which is not even considered until medical improvement has been established." *Rice,* 86 F.3d at 2 n. 2 (emphasis in original); *see also* 20 C.F.R. § 404.1594(c)(2) & (3)(i). Failure to seek treatment is not evidence of medical improvement. *See Rice,* 86 F.3d at 2. The regulations require actual physical improvement in a claimant's impairment, not simply an improved prognosis. *See Id.* at 3.

The ALJ in this case concluded that as of May 1, 1999, Santiago had respiratory and mental impairments, but that her impairments were not severe enough to meet or equal any listed impairment. Then ALJ then went on to conclude that Santiago cannot return to her past line of

work because of environmental restrictions, i.e., she must avoid exposure to dust, lint, and strong odors, but that she retains the capacity to perform work in the full range of light work, slightly reduced by her environmental limitations. In reaching this conclusion, the ALJ discredited claimant's allegations as to her symptoms, as well as the assessments of Santiago's treating physicians. The ALJ instead agreed with the analysis and assessments made by the State Agency consultants. The ALJ's determination, however, is not supported by substantial evidence.

Before the Commissioner can terminate Santiago's benefits, the ALJ must first compare the prior and current medical evidence to determine whether her condition has improved. *Rice,* 86 F.3d at 2; *see also* 20 C.F.R. § 404.1594(c)(1). There does not seem to be any such comparison in the ALJ's decision. The ALJ did briefly summarize the prior evidence, but did not make any comparisons that could support the conclusion that Santiago's impediments have improved. Thus, there is no basis on the record to support the ALJ's finding that Santiago is no longer disabled. Furthermore, the ALJ impermissibly discredited a treating physician's opinion, Dr. Berrios, because claimant's return visits for treatment were sparse, fueling the notion that she was responding well to treatment and her condition had improved. As stated above, failure to seek treatment is not evidence of medical improvement. *See Rice,* 86 F.3d at 2.

Therefore, the Court finds that the ALJ erred in not applying the proper standard for termination of Santiago's disability insurance benefits. Accordingly, the Court will vacate the Commissioner's determination terminating Santiago's benefits and will remand the case for further proceedings.

## CONCLUSION

For the foregoing reasons, the Court **VACATES** the Commissioner's decision terminating Santiago's disability benefits and **REMANDS** the case for further proceedings. Judgment shall enter accordingly.

IT IS SO ORDERED.